## KEYSTONE DATA SYSTEMS, INC.

### v.

## JAMES F. WILD, INC.

### Civ. A. No. 81–2315.

United States District Court,
E.D. Pennsylvania.

Oct. 15, 1982.

Aaron D. Denker, Camden, N.J., for plaintiff.

J. Michael Flanagan, Lancaster, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

The undisputed facts making this case ripe for disposition pursuant to Fed.R.C.P. 56 are that plaintiff sold a computer and ancillary equipment to Video Systems Corporation (Video) for approximately $64,000. Pursuant to the terms of the agreement of sale, plaintiff retained a security interest in the computer system. Two months after the sale, and seven months before plaintiff filed an appropriate financing statement to perfect its interest, Video sold the equipment to defendant, James F. Wild, Inc. The sale price, which approached $59,000.00, represented the partial settlement of a dis-
pute between Video and defendant. *See,* affidavit of James F. Wild ¶ 7 (Wild affidavit).

> Pennsylvania provides that
> an unperfected security interest is subordinate to the rights of ... a person who is not a secured party and who is a transferee in bulk or other buyer not in the ordinary cause of business to the extent that he gives value and receives delivery of the collateral without *knowledge* of the security interest and before it is perfected ....

*See,* 13 Pa.C.S.A. § 9301 (emphasis added).

In the case at bar, defendant argues that when it purchased the computer it did not have actual knowledge of plaintiff's unperfected security interest and, therefore, its right to the computer system is superior to plaintiff's. Responding, plaintiff asseverates that the above quoted statutory provision is subject to equitable modification and that such modification is appropriate here since defendant should have known, based upon Video's reputation in the business community, that the computer was in some way debt-impaired. Plaintiff's contention flies in the face of established Pennsylvania law and we grant defendant's motion.

In *Kibbe v. Rohde,* 285 Pa.Super. 379, 427 A.2d 1163 (1981), the Pennsylvania Supreme Court discussed the degree of knowledge which a subsequent purchaser must have regarding the existence of an unperfected security interest before the holder of the unperfected interest may prevail. At issue in *Kibbe* was the ownership of a barn cleaner which the subsequent purchaser knew was subject to certain indebtedness. Plaintiff there was, however, unaware of the exact nature of the indebtedness and that the seller had retained an unperfected security interest. The *Kibbe* court held that absent the perfection of a security interest "actual knowledge" of the unperfected security interest was necessary to defeat the rights of a subsequent purchaser. *Id.* at 1167.

Plaintiff's attempt to distinguish *Kibbe* on the ground that the case at bar involves a commercially sophisticated purchaser,

while the parties in *Kibbe* were not schooled in the business world, lacks support. *Kibbe* turned upon a statutory interpretation of the word "knowledge" and not the degree of sophistication possessed by the parties.

■ Moreover, plaintiff's speculative assertion that defendant should have known of its security interest, fails to meet the standard which Fed.R.Civ.P. 56 imposes. Specifically, a party resisting a motion for summary judgment must come forward with more than speculation in order to raise a material issue of fact. *Hunt-Wesson Food, Inc. v. Ragu Foods, Inc.,* 627 F.2d 919, 928 (9th Cir.1980). *See also, Wire Mesh Products, Inc. v. Wire Belting Ass'n,* 520 F.Supp. 1004, 1006 (E.D.Pa.1981); *Carey v. Beans,* 500 F.Supp. 580, 583 (E.D.Pa.1980), aff'd, 659 F.2d 1065 (3d Cir.1981).

Because we conclude that summary judgment is appropriately granted as to Count I of the complaint, we likewise grant the motion as to Count II, which is grounded in conversion. This conclusion is compelled by the fact that defendant cannot be held accountable to plaintiff for a tortious conversion of his own property.

An appropriate order will issue.